Blackford, J.
Beackmo having petitioned the board of internal improvement respecting damages to his land, &c., occasioned by the construction of the Wabash and Erie canal, appraisers were appointed and the damages assessed. He appealed to the Circuit Court and obtained a verdict and judgment.
On the trial, a witness being asked by the defendant whether or not the plaintiff was' a German, answered that he had understood he was a Hollander. This was all the evidence offered to show that the plaintiff was an alien ; and there was none of his having made a declaration, &c., of his intention to become a citizen of the United States.
In regard to this part of the case, instructions were given to the jury, to one of which the defendant excepted. The instruction objected to is as follows: “ The law presumes that all persons who live among- us are citizens of the United States until the contrary appears by clear proof.” We see no objection to this instruction. The defendant’s object was to prevent a recovery of damages, on the ground that the plaintiff was an alien, and not having made a declaration, &c., was not entitled to the land for the injury to which he claimed damages. The affirmative of the issue was on the State. It was for the State to establish the objection on which it relied, viz., the alienage of the plaintiff, to the satisfaction of the jury ; and that is all which is really said by the instruction in question.
W. M. Jenners, for the State.
N. Mace, for the defendant.
The plaintiff having proved that the canal was cut through his land, separating that part of it on which the dwelling *house was situate from the rest of the tract, the defendant offered to prove what the expense would be of building a bridge on the land over the canal, but the evidence was rejected. The plaintiff having also proved that a part of his land was overflowed in consequence of- the canal, the defendant offered to prove how much it would cost to drain off the water, but this evidence was likewise rejected.
The Court evidently erred in both instances in rejecting the testimony offered. The quantum of damages to the plaintiff, occasioned by the canal’s separating a part of the plaintiff’s land from the rest of the tract, was a subject of inquiry for the jury, and,.surely, in making that inquiry, it-would be important for them to know how much it would cost to build a bridge across the canal, which would necessarily lessen considerably the inconvenience complained of. If by a bridge that should cost $50.00, the plaintiff could again have easy access to every part of his land, the injury arising from the obstruction in question would not be as great as if the necessary expense of the bridge should be $1,000. So, the jury were to inquire into the damages which were occasioned by the overflowing of the land ; and in ascertaining their amount, it would be important for them to know whether it would require a large or only a small sum to drain off the water.
It seems clear, that the amount of the damages claimed in this case could not but be affected by what it would cost to matérially lessen, or entirely avoid, the injury of which the plaintiff complains.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.